[680 NYS2d 610]

In the Matter of JERRY H. JOSZEF (Admitted as JERRY HAROLD JOSZEF), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 23, 1998

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset (*Ruthann E. Geary* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a peti-

tion containing two charges of professional misconduct against him. The Special Referee sustained the charges, and the Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

The petition asserts that on June 18, 1992, the Grievance Committee for the Second and Eleventh Judicial Districts issued a Letter of Admonition to the respondent for his failure to cooperate with its investigation concerning his failure to reregister as an attorney with the Office of Court Administration (hereinafter OCA) and to pay the required fee between the years 1984 and 1991, pursuant to Judiciary Law § 468-a. On or about January 2, 1992, the respondent reregistered as an attorney with OCA, listing his office as 600 Old Country Road, Garden City, New York 11530. At that time he paid registration fees and arrears totalling $450.

By letter dated October 4, 1994, the Grievance Committee for the Tenth Judicial District informed the respondent that it had commenced a *sua sponte* investigation based upon his alleged failure to again reregister as an attorney with OCA in accordance with Judiciary Law § 468-a. The letter apprised the respondent that even retired attorneys must reregister even though they are exempt from paying the fee. The letter requested that the respondent submit a written answer, an explanation for his noncompliance, and a verification of his registration within 15 days.

The Grievance Committee sent the respondent a follow-up letter dated November 17, 1994, citing the respondent's failure to comply with its prior request, directing him to respond within 10 days, and warning him that his failure to cooperate could, in and of itself, constitute professional misconduct. The respondent failed to communicate with the Grievance Committee.

On January 12, 1995, the Grievance Committee sent the respondent a letter at his New Jersey residence reminding him that he had neither reregistered with OCA nor communicated with the Grievance Committee. The letter requested a response within 10 days and warned the respondent that his continued failure to cooperate could constitute professional misconduct, in and of itself.

On February 17, 1995, the Grievance Committee sent the respondent a certified letter demanding his response within 10 days and warning that continued failure to comply would result

in a recommendation for his suspension from practice. The letter was signed for on March 1, 1995. The respondent still failed to comply.

On April 2, 1995, the Grievance Committee investigator telephoned the respondent at his home. The respondent acknowledged his failure to reregister or submit his written answer to the *sua sponte* complaint and indicated that he would do both by April 17, 1995 and forward a copy of the OCA receipt to the Grievance Committee.

The respondent failed to do either.

On June 28, 1995, an employee of the Grievance Committee again telephoned the respondent who advised that he was taking care of the registration matter and would send a copy of the receipt from OCA when he received it.

As of September 5, 1995, the respondent had still not reregistered, according to OCA records.

By letter dated September 22, 1995, the Grievance Committee advised the respondent to either resign, retire, or register within 30 days. The letter further advised the respondent that his failure to reply would result in a recommendation to the Court for the institution of a disciplinary proceeding against him. The respondent failed to respond.

On November 1, 1995, the respondent telephoned the Grievance Committee investigator and claimed that his firm had previously paid the fee. The Grievance Committee instructed the respondent to send a photocopy of the front and back of his cancelled check. OCA records indicated that as of November 3, 1995, the respondent had still not reregistered.

On December 15, 1995, the Grievance Committee sent the respondent a form to voluntarily resign from the New York State Bar. As of January 22, 1996, the Grievance Committee ascertained that this Court had not received any communication or application from the respondent. On that date the respondent telephoned the Grievance Committee's offices and advised that his firm was paying the registration fee. The respondent indicated that his son was hospitalized at the time and that he would reregister when his son recovered.

On January 31, 1996, the respondent faxed a copy of a check made out to OCA for $600. The Grievance Committee advised the respondent to furnish a copy of his temporary receipt. According to OCA records, the respondent did not register or pay the fee until February 2, 1996. The respondent failed to submit any written answer to the complaint.

By virtue of his failure to reregister as an attorney and pay the required fee, the respondent violated Judiciary Law § 468-a and Code of Professional Responsibility DR 1-102 (A) (1), (5) and (8) (22 NYCRR 1200.3 [a] [1], [5], [8]), as well as his inherent duty as an attorney and counselor-at-law. Based on the uncontroverted evidence, the Special Referee properly sustained the charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's failure to derive any lessons from a previous Letter of Admonition. Although the respondent ultimately reregistered and paid his fees for the period in question, he failed to explain why he did not respond in writing to the Grievance Committee's numerous communications. Under the circumstances, the respondent is suspended from the practice of law for one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jerry H. Joszef, is suspended from the practice of law for a period of one year, commencing December 23, 1998, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jerry H. Joszef, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.